## CIRCUIT COURT OF THE CITY OF RICHMOND

David W. Rowen

v.

Virginia Commonwealth University

August 18, 1995

Case No. HG-1197-1

BY JUDGE MELVIN R. HUGHES, JR.

In this proceeding, the petitioner, a student enrolled in the nurse anesthesia program at MCV/VCU appeals a decision of the Residency Appeals Committee denying in-state tuition status.

Petitioner and his wife moved to Virginia in June, 1993 from California. At that time he became enrolled at MCV. After a year he then filed for in-state status for the 1994-1995 academic year. His application was denied initially on July 18, 1994. This decision was later upheld by the Residency Appeal Committee on October 14, 1994, and this appeal followed. Petitioner stated he moved because job opportunities in his intended field of employment are better here than in California. Since arriving both he and his wife have registered to vote, obtained Virginia drivers' licenses, registered their motor vehicles, filed Virginia state income tax returns paying Virginia income taxes, and set up and maintained bank accounts here. He is registered in Virginia as a nurse but has not worked here in that capacity.

Petitioner had applied to two other schools, in Pennsylvania and North Carolina, and was accepted by those schools but instead chose to come to MCV. MCV points to this as evidence that the statutory presumption that a student from out of state is here for only educational purposes has not been rebutted. See § 23-7.4(C).

For purposes of determining domiciliary intent, a married person is to be considered as an unmarried one. In evaluating whether a student can be granted the favor of in-state status (and the consequent reduction in tuition

cost) he must be domiciled in Virginia by the time he applies for such status and the indicia of domicile must have existed for "at least one year prior to the date of the alleged entitlement," under § 23-7.4(C).

By the record, petitioner has done most of the things listed in subsection B of the statute for consideration of whether one has or has not demonstrated domiciliary intent. However, the fact that petitioner had applied and was accepted to attend other schools in other states suggests that he came to Virginia initially just for purposes of going to school. MCV asks: if he wanted to make Virginia his domicile because the job market is better, why the need to apply to other schools outside of Virginia?

According to petitioner "VCU has the best program in the country in anesthesia." Petitioner went on to state that VCU grants a degree in Masters of Science in Nurse Anesthesiology while the other two programs in Pennsylvania and North Carolina grant degrees in Masters of Science in Nursing with a specialization. When questioned regarding whether he would have come to Virginia had he not been accepted at VCU, petitioner was unsure except to say that Virginia offers a better quality of life and is less expensive to live than California. Petitioner stated he would like to stay in Virginia after graduation to become employed at MCV but that this is uncertain because of state budget cutbacks. Petitioner also said he would like to remain in the area and that his wife is satisfied with both and living and working here.

On balance, the record does show clearly and convincingly that petitioner has had the domiciliary intent for the requisite one year period. While there may be some doubt regarding his domiciliary intent upon his arrival, the focus must be on whether petitioner has since demonstrated domiciliary intent. And while petitioner saw an educational advantage by attending MCV over the other schools and could not say he would have come to Virginia had he not been accepted at MCV, these considerations are natural with any one coming to one place over another to attend school. Again, what is important is whether petitioner's activities have evinced a domiciliary intent for the one year period after his arrival. The court finds that he has. For these reasons under the considerations provided the presumption that the petitioner is only here for educational purposes has been rebutted and he is entitled to in-state status for purposes of tuition at MCV.